**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

WILSON G. GUDIEL, LIDANY RAYMUNDO GUDIEL, OBED LOPEZ, RONAL GRABIEL EUCEDA, WILSON A. HERNANDEZ, JOSE S. MEZA BENITEZ,

            Plaintiff,

  -against-

ATLAS & SONS PAVING, INC., RONALD J. CIANCIULLI, JORDAN CIANCIULLI, TYLER CIANCIULLI, and IRINA CIANCIULLI,

            Defendants.

---------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

Plaintiffs, WILSON G. GUDIEL, LIDANY RAYMUNDO GUDIEL, OBED LOPEZ ("Lopez"), RONAL GRABIEL EUCEDA ("Euceda"), WILSON A. HERNANDEZ ("Hernandez"), and JOSE S. MEZA BENITEZ ("Benitez") (collectively "Plaintiffs"), as and for his Complaint against Defendants, ATLAS & SONS PAVING, INC. ("Atlas"), RONALD J. CIANCIULLI, JORDAN CIANCIULLI, TYLER CIANCIULLI, and IRINA CIANCIULLI (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Upon information and belief, Atlas owns and operates an asphalt, concrete, and paving company in Deer Park, New York that provides paving, masonry, and sealcoating to the public.

2. Plaintiffs worked for Defendants as laborers.

3. Plaintiffs bring this lawsuit seeking to recover unpaid overtime wages and other relief related to their employment with Defendants.

1

## JURISDICTION AND VENUE

4. Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

5. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

**Plaintiff Wilson G. Gudiel**

8. Wilson G. Gudiel is a resident of the State of New York.

9. Defendants employed Wilson G. Gudiel as a laborer for their benefit and at their direction.

10. Defendants employed Wilson G. Gudiel from on or about March 2008 until on or about November 8, 2022.

11. At all relevant times, Wilson G. Gudiel was an employee of Defendants, as defined by the FLSA and the NYLL.

**Plaintiff Lidany Raymundo Gudiel**

12. Lidany Raymundo Gudiel is a resident of the State of New York.

13. Defendants employed Lidany Raymundo Gudiel as a laborer for their benefit and at their direction.

14. Defendants employed Lidany Raymundo Gudiel from on or about March 2016 until on or about November 3, 2022.

15. At all relevant times, Lidany Raymundo Gudiel was an employee of Defendants, as defined by the FLSA and the NYLL.

**Plaintiff Obed Lopez**

16. Lopez is a resident of the State of New York.

17. Defendants employed Lopez as a laborer for their benefit and at their direction.

18. Defendants employed Lopez from on or about March 2021 until on or about November 3, 2022.

19. At all relevant times, Lopez was an employee of Defendants, as defined by the FLSA and the NYLL.

**Plaintiff Ronal Grabiel Euceda**

20. Euceda is a resident of the State of New York.

21. Defendants employed Euceda as a laborer for their benefit and at their direction.

22. Defendants employed Euceda from on or about June 2020 until on or about November 3, 2022.

23. At all relevant times, Euceda was an employee of Defendants, as defined by the FLSA and the NYLL.

**Plaintiff Wilson A. Hernandez**

24. Hernandez is a resident of the State of New York.

25. Defendants employed Hernandez as a laborer for their benefit and at their direction.

26. Defendants employed Hernandez from on or about April 12, 2022 until on or about November 8, 2022.

27. At all relevant times, Hernandez was an employee of Defendants, as defined by the FLSA and the NYLL.

**Plaintiff Jose S. Meza Benitez**

28. Benitez is a resident of the State of New York.

29. Defendants employed Benitez as a laborer for their benefit and at their direction.

30. Defendants employed Benitez from on or about April 12, 2022 until on or about October 28, 2022.

31. At all relevant times, Benitez was an employee of Defendants, as defined by the FLSA and the NYLL.

**Defendant Atlas Asphalt**

32. Upon information and belief, Atlas is a domestic business corporation duly organized and existing under the laws of the State of New York.

33. Upon information and belief, Atlas maintains a principal place of business at 117 Brook Avenue, Deer Park, New York.

34. Upon information and belief, Atlas owns and operates the asphalt, concrete, and paving company located at 117 Brook Avenue, Deer Park, New York.

35. At all times relevant to this Complaint, Atlas had and continues to have employees engaged in commerce or in the production of goods and services for commerce.

36. At all times relevant to this Complaint, Atlas had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

37. At all times relevant to this Complaint, Atlas had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiffs' employment.

38. At all times relevant to this Complaint, Atlas was a covered employer within the meaning of the FLSA and, at all times relevant to this Complaint, employed Plaintiffs.

39. During Plaintiffs' employment, Atlas maintained control, oversight, and direction over them, including timekeeping, payroll, and other employment practices.

**Individual Defendants Ronald J. Cianciulli, Jordan Cianciulli, Tyler Cianciulli, and Irina Cianciulli**

40. Upon information and belief, the individual Defendants, Ronald J. Cianciulli, Jordan Cianciulli, Tyler Cianciulli, and Irina Cianciulli (collectively "individual Defendants") are residents of the State of New York.

41. At all relevant times, the individual Defendants were individuals engaging in business within this judicial district.

42. Upon information and belief, the individual Defendants were and continue to be owners, officers, directors, shareholders, and/or managing agents of Atlas.

43. Upon information and belief, at all relevant times, the individual Defendants ran the daily operations of Atlas.

44. Upon information and belief, at all relevant times, the individual Defendants participated in the management and supervision of Plaintiffs and their work for Atlas.

45. Upon information and belief, at all relevant times, the individual Defendants exercised operational control over Atlas, controlled significant business functions of Atlas, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Atlas in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

46. Upon information and belief, the individual Defendants determined the wages and compensation of Atlas' employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiffs.

47. At all times relevant to this Complaint, the individual Defendants were employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

48. The individual Defendants participated in the decision to hire Plaintiffs.

49. The individual Defendants participated in deciding the job duties that Plaintiffs performed.

50. The individual Defendants participated in directing Plaintiffs' job duties and responsibilities.

51. The individual Defendants participated in the supervision of Plaintiffs' job duties and responsibilities.

52. The individual Defendants participated in deciding the manner in which Plaintiffs were paid.

53. The individual Defendants participated in deciding the compensation Plaintiffs were paid.

54. The individual Defendants were responsible for ensuring Plaintiffs were paid properly.

**Defendants Constitute Joint Employers**

55. The individual Defendants own, operate, and/or control Atlas.

56. The individual Defendants possess operational control over Atlas, possess an ownership interest in Atlas, and control significant functions of Atlas.

57. Defendants are associated and joint employers, act in the interest of each other with respect to employees, are responsible for paying employees, and share control over the employees.

58. Each Defendant possessed substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, referred to herein.

59. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiffs' employment.

60. Defendants jointly employed Plaintiffs and are Plaintiffs' employers within the meaning of the FLSA and the NYLL.

**Factual Allegations Pertaining Specifically to Plaintiffs' Wage and Hour Claims**

61. Plaintiffs were employees of Defendants.

62. Plaintiffs worked as laborers.

63. Plaintiffs' job duties included mixing cement and laying bricks, blocks, and cement.

64. Each year of their employment, Plaintiffs worked from the first week of March to about December 24.

65. Defendants did not require Plaintiffs to punch in or out of their daily shifts and did not require them to track their hours worked in any other way.

66. Wilson G. Gudiel, Lidany Raymundo Gudiel, Euceda, and Lopez were all paid by the day.

67. Benitez and Hernandez were both paid by the hour.

68. During their employment, Wilson G. Gudiel, Lidany Raymundo Gudiel, and Euceda worked Monday through Saturday and one Sunday a month.

69. During this time, Wilson G. Gudiel, Raymundo Gudiel, and Euceda worked Monday through Friday from 6:00 a.m. to 6:30 p.m., Saturday from 6:00 a.m. to 5:00 p.m. and one Sunday a month from 6:30 a.m. to 5:00 p.m.

70. During this time, Wilson G. Gudiel, Raymundo Gudiel, and Euceda worked at least 73.5 hours each week and one week a month worked up to 84 hours.

71. During his employment, Lopez worked six days a week, Monday through Saturday.

72. During this time, Lopez worked Monday through Friday from 6:00 a.m. to 6:30 p.m. and Saturday from 6:00 a.m. to 5:00 p.m.

73. During this time, Lopez worked 73.5 hours a week.

74. During their employment, Hernandez and Benitez worked Monday through Friday and two Saturdays each month.

75. During this time, Hernandez and Benitez worked Monday through Friday from 6:30 a.m. to 6:30 p.m. and two Saturdays a month from 6:30 a.m. to 5:00 p.m.

76. During this time, Hernandez and Benitez worked at least 60 hours a week and two weeks a month worked up to 70.5 hours.

77. In 2020, Euceda was paid $125.00 a day.

78. In 2020, the New York State minimum wage rate for Long Island was $13.00 an hour.

79. Beginning in June 2021, Euceda was paid $150.00 a day.

80. In 2021, the New York State minimum wage rate for Long Island was $14.00 an hour.

81. Beginning in June 2022, Euceda was paid $170.00 a day.

8

82. In 2022, the New York State minimum wage rate for Long Island was $15.00 an hour.

83. Throughout his employment, Defendants did not pay Euceda the statutory minimum wage rate for all hours worked.

84. Defendants did not pay Plaintiffs an overtime premium for any of the hours they worked in excess of forty (40) per week at a rate of one-and-one-half times their regular rates of pay.

85. Defendants were aware of Plaintifs' work hours but failed to pay them the proper wages to which they were entitled under the law.

86. Defendants did not provide Plaintiffs with complete and accurate wage notices when they were hired, or at any time thereafter, as required by NYLL § 195(1).

87. Defendants did not provide Plaintiffs with complete and accurate paystubs along with their weekly earnings, as required by NYLL § 195(3).

88. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights.

89. Plaintiffs have been damaged by such failures in an amount to be determined at trial, including without limitation unpaid overtime compensation, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

90. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

91. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

92. Defendants are subject to the overtime pay requirements of the FLSA because Atlas is an enterprise engaged in commerce or engaged in the production of goods for commerce.

93. At all times relevant to this Complaint, Atlas had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs.

94. Upon information and belief, the gross annual volume of sales made or business done by Atlas in each applicable year was not less than $500,000.00.

95. Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiffs were individually engaged in interstate commerce.

96. At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

97. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

98. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

99. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

100. However, none of the Section 13 exemptions apply to Plaintiffs because they did not meet the requirements for coverage under the exemptions during their employment.

101. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

102. Defendants did not act in good faith with respect to the conduct alleged herein.

103. As a result of Defendants' violations of the FLSA, Plaintiffs incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLES 6 AND 19
### FAILURE TO PAY OVERTIME

104. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

105. At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

106. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

107. By the above-alleged conduct, Defendants have failed to pay Plaintiffs overtime compensation as required by the NYLL.

108. Plaintiffs were not exempt from the overtime provisions of the NYLL because they did not meet the requirements for any of the exemptions available under New York law.

109. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

110. Defendants have not acted in good faith with respect to the conduct alleged herein.

111. As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

112. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

113. By the conduct alleged herein, Defendants have willfully failed to pay Euceda at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

114. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Euceda's rights.

115. As a result of Defendants' unlawful practices, Euceda has suffered a loss of wages.

116. As a result of Defendants' violations of the NYLL, Euceda has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

117. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

118. Defendants willfully failed to furnish Plaintiffs with wage notices during their employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiffs as their primary language, which was to contain, among other things, the

rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

119. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

120. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

### COUNT V
### VIOLATION OF NEW YORK LABOR LAW
### SECTION 195(3)
### FAILURE TO PROVIDE WAGE STATEMENTS

121. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

122. Defendants willfully failed to provide Plaintiffs with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

123. Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

124. As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, by and through their attorneys, The NHG Law Group, P.C., demands judgment against Defendants and in favor of Plaintiffs for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiffs overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiffs overtime compensation and Euceda minimum wages;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiffs with complete and accurate written wage notices and statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

      G.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
January 6, 2023

                THE NHG LAW GROUP, P.C.

*Victoria Spagnolo*
_____
By: Victoria Spagnolo, Esq.
*Attorneys for Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
vspagnolo@nhglaw.com